**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| **PRECIOUS JOY MITCHELL,** | : | |
| *Debtor*, | : | |
| | : | |
| | : | No. 26-10148 |
| | : | |
| | : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . | : | |
| | : | |
| **PRECIOUS JOY MITCHELL,** | : | CIVIL ACTION |
| *Appellant,* | : | |
| | : | |
| v. | : | |
| | : | |
| **LISS PROPERTY GROUP, LLC,** | : | No. 26-2481 |
| *Appellee.* | : | |

**MEMORANDUM**

KENNEY, J.                                                                                   July 6, 2026

## I.    INTRODUCTION

Pending before the Court is Appellant Precious Joy Mitchell's Appeal from Orders entered by Chief U.S. Bankruptcy Judge Ashely M. Chan on March 31, 2025, April 1, 2026, and April 8, 2026 (ECF No. 1) (hereinafter, "Bankruptcy Appeal").  For the reasons discussed below, the Court will **DISMISS** Appellant's Bankruptcy Appeal (ECF No. 1) for failure to prosecute.

## II.    BACKGROUND

The Court writes for the Parties and assumes familiarity with the underlying facts.  The above captioned appeal was filed in relation to an April 8, 2026 denial of a series of emergency motions filed in a second bankruptcy proceeding: *In re Mitchell*, BRC No. 26-10148.  These

motions all relate to an initial decision by Chief Judge Chan to deny Appellant's Motion to Enforce the Automatic Stay (*In re Mitchell*, BRC No. 26-10148, ECF No. 25). *In re Mitchell*, BRC No. 26-10148, ECF No. 80 (denying Appellant's Motion seeking relief on the basis that Appellee violated the automatic stay imposed by the filing of Appellant's first Chapter 13 bankruptcy proceeding).

On May 18, 2026, a briefing schedule was entered in this case. ECF No. 9. In accordance with the briefing schedule, Appellant's brief was due to be served and filed in this action within thirty (30) days of the entry of record on appeal. *Id.* The record on appeal was entered on the docket in this Court on May 12, 2026. *Id.* Therefore, Appellant's brief was due to be served and filed on or before June 11, 2026. *Id.*

To date, Appellant has not filed or served her brief. For the reasons discussed *infra* Part III, the Court construes Appellant's failure to brief her appeal as a failure to prosecute and will dismiss the action in accordance with Federal Rule of Civil Procedure ("Rule") 41(b).

## III.  DISCUSSION

"[D]istrict courts have inherent power to dismiss sua sponte for failure to prosecute." *Reshard v. Lankenau Hosp.*, 256 F. App'x 506, 507 (3d Cir. 2007) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); see also *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 444 (E.D. Pa. 2006) ("Under Federal Rule of Civil Procedure 41(b) as well as a court's inherent power, a court may dismiss an action without prejudice *sua sponte* for a plaintiff's failure to prosecute 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994))). The district court may order dismissal for failure to prosecute "even without affording notice of its intention to do so or providing an adversary hearing before acting." *Reshard*, 256 F. App'x at 507 (quoting *Link*, 370 U.S. at 633).

A dismissal for failure to prosecute pursuant to Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). Accordingly, the Court must consult the factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F. 2d 863 (3d Cir. 1984). *See, e.g.*, *In re New Century TRS Holdings, Inc.*, 619 F. App'x 56, 48 (3d Cir. 2015) (reviewing the district court's dismissal of underlying bankruptcy appeal for failure to prosecute "for abuse of discretion through the lens of the Poulis factors" (citing *In re Jewelcor Inc.*, 11 F. 3d 394, 397 (3d Cir. 1993))); *Reshard*, 256 F. App'x at 507 ("When considering whether to dismiss a case for failure to prosecute, courts generally should consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984)."); *see also D'Onofrio*, 530 F. Supp. 2d at 444 (citing Gallegos, 26 F.3d at 455). The *Poulis* factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868.

After consulting the Poulis factors and the particular facts and circumstances in this case, the Court is satisfied that dismissal is the appropriate sanction. As discussed, Appellant has failed to file her brief in accordance with the briefing schedule imposed in this case. *See* ECF No. 9. Appellant's failure to brief her own appeal in turn, prevents Respondents from filing a timely response and/or opposition to the Bankruptcy Appeal. This alone, is sufficient grounds to dismiss Appellant's Bankruptcy Appeal. *See In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009) (concluding that the appellant's failure to file his brief "within 15 days of the docketing of his appeal" as sufficient "grounds for dismissal under Bankruptcy Rule 8001") (citations omitted)).

In addition to Appellant's failure to follow the Court's Orders in this case, *see* ECF No. 9, for the reasons discussed in the Court's April 28, 2026 Order denying Appellant's Motion for Emergency Relief (ECF No. 7), the docket is scant of any showing that Appellant's appeal has any merit. This is only made worse by Appellant's own failure to brief her appeal. The Court need not decide whether Appellant's failure to act is "willful" or a product of "bad faith." *Poulis*, 747 F.2d at 868.

Therefore, the Court is satisfied that the *Poulis* factors weigh in favor of dismissal in this case. Accordingly, Court will dismiss Appellant's bankruptcy appeal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## IV.    CONCLUSION

For the reasons set forth above, Appellant's Bankruptcy Appeal (ECF No. 1) is **DISMISSED** for failure to prosecute. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**